United States Courts
Southern District of Texas
FILED

JUN 2 8 2002

Michael N. Milby, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE:<br>   SENTRY OPERATING<br>   COMPANY OF TEXAS, INC. | § § § § | JOINTLY ADMINISTERED UNDER<br>CASE NO. 01-60129-V2-11<br>Chapter 11 |

| | | |
|---|---|---|
| SENTRY OPERATING CO., | § | CASE NO. 01-60130-V2-11 |
| AMEY FUNERAL HOME, INC., | § | CASE NO. 01-60131-V2-11 |
| SENTRY OPERATING WEST, INC., | § | CASE NO. 01-60132-V2-11 |
| SENTRY GROUP SERVICES, INC., | § | CASE NO. 01-60133-V2-11 |
| FUNERAL SERVICE<br>MANAGEMENT, INC., | § § | CASE NO. 01-60134-V2-11 |
| SENTRY OPERATING COMPANY OF<br>  NEW MEXICO, INC., | § § | CASE NO. 01-60135-V2-11 |
| SENTRY SERVICES AGENCY, INC.<br>  NEW MEXICO, | § § | CASE NO. 01-60136-V2-11 |
| CREMATION SOCIETY OF<br>  OKLAHOMA, INC., | § § | CASE NO. 01-60137-V2-11 |
| SENTRY OPERATING COMPANY OF<br>  COLORADO, INC., | § § | CASE NO. 01-60138-V2-11 |
| SENTRY SERVICES AGENCY, INC.-DEL | § | CASE NO. 01-60139-V2-11 |
| SENTRY OPERATING COMPANY OF<br>  KANSAS, INC. | § § § | CASE NO. 01-60140-V2-11 |

## MOTION TO LIFT STAY BY THE ESTATE OF RAMON SALAZAR , ET. AL..

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, unsecured creditors and parties in interest, the Estate of Ramon Salazar, Fransisca Salazar (surviving spouse), Jose H. Salazar, Ramon Salazar, Alfredo Salazar, Israel Salazar, Rebecca Roque, Raquel Salazar and Amparo Leticia Salazar (children of deceased) ("Movants"), pursuant to 11 U.S.C §362 Bankruptcy Rule 4001, and Local Bankruptcy Rule 4001, and move this Court to enter its order lifting the automatic stay in order to allow certain

state court litigation to proceed to resolution. Movants would show the Court as follows:

I.

1. Movants are plaintiffs in a personal injury case pending the 40th District Court of Ellis County, Texas, under Cause No. 62418. On November 14, 2000, Ramon Salazar died and was taken to Boze-Mitchell Funderal Home d/b/a Boze-Mitchell Funeral Home Inc. A few days later, after Plaintiffs had made numerous phone calls to Defendant, they were informed that Mr. Salazar's body had been cremated by mistake and the ashes were sent to Illinois by mistake against the Plaintiffs' wishes. On November 11, 2000, the Plaintiffs' retained our office, The Law Office Of Domingo Garcia as their attorney for this personal injury claim.

2. Plaintiffs' filed their suit in Ellis County on September 6, 2001. Defendants' answered through Thompson & Knight, L.L.P on September 28, 2001.

3. None of the parties to the underling state court litigation were made aware of this bankruptcy proceeding until months after the incident took place and suit had been filed. It was then that Plaintiff was informed that Defendant had filed for Chapter 11 bankruptcy protection. At that point, all of the state court proceedings were immediately stopped. Plaintiff's claim is covered by the Defendant's insurance.

Plaintiff's received a notice that listed numerous entities but none showed that Boze-Mitchell Funeral Home was in bankruptcy. Plaintiff's failed to receive the proper notice in order to timely move to lift the stay.

4. Movant acknowledges that pursuant to 11 U.S.C §362(3), they may not act to obtain possession of property of the estate or to exercise control over property of the estate. Movants would show that she only seeks to proceed with litigation in Ellis County to liquidate

the personal injury claim against the Debtors, and seeks recovery of proceeds of the insurance policies. Movants agree to not seek to collect to any funds or assets of Debtors, all funds will come strictly from Defendants' insurance policies.

5. The burden to Debtors to proceed with this litigation will be minimal. The cost of defense is being borne by the liability insurance carriers for Defendants', not the Debtors. The time burden to Debtors to participate in the defenses of the case will be minimal.

6. Movants' claim is an unliquidated claim, and must be liquidated at some point in time. Further, a jury trial has been demanded in the underlying state court case.

II.

WHEREFORE, PREMISES CONSIDERED, Movants pray that upon consideration of this motion that the Court enter its order lifting the automatic stay regarding litigation of Cause No. 62418 styled *Fransisca Salazar, surviving spouse, Jose H. Salazar, Ramon Salazar, Alfredo Salazar, Israel Salazar, Rebecca Roque, Raquel Salazar and Amparo Leticia Salazar (children of deceased) v. SCI Managemetn Corporation and Boze-Mitchell Funeral Home d/b/a Boze-Mitchell Funeral Home, Inc.,* in the 40th Judicial District, Ellis County, Texas, providing that such litigation may go forward to final judgment, but further providing that Movants may recover insurance proceeds but may not seek to recover or move against any assets of the estate without further order of this Court. Movants request all other and further relief as is just.

Respectfully submitted,

LAW OFFICE OF DOMINGO . GARCIA, P.C.
Domingo A. Garcia

State Bar No. 07631950
Nicolas A. Quezada
State Bar No. 24027637
1107 W. Jefferson Blvd.
Dallas, Texas 75208
214/941-8300
214/943-7536 - Telecopier

*[signature]*
DOMINGO GARCIA
NICOLAS QUEZADA

ATTORNEYS FOR PLAINTIFF

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 12A24 EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., DALLAS TEXAS 75242-1496, BEFORE 4:00 O'CLOCK P.M. ON **July \_\_\_,2002,** WHICH IS TWENTY (20) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY OBJECTION MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY NO LATER THAN FIVE (5) WORKING DAYS BEFORE THE PRELIMINARY HEARING. IF AN OBJECTION IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing motion was mailed to all parties and counsel for record at their addresses stated and shown on the attached matrix by United States certified mail, return receipt requested, on the ___ day of June, 2002, and as follows:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
Edward L. Rothberg
1400 Summit Tower
Eleven Greenway Plaza
Houston, Texas 77046
ATTORNEY FOR DEBTORS

Lynn Fielder
FISK & FIELDER, P.C.
2710 N. Stemmons Freeway
400 Stemmons Tower North
Dallas, Texas 75207
ATTORNEY FOR BOZE-MITCHELL FUNERAL HOME d/b/a
BOZE-MITCHELL FUNERAL HOME, INC.

LOCKE, LIDDELL & SAPP, L.L.P.
Elizabeth Freeman
600 Travis Street, Suite 3400
Houston, Texas 77002
ATTORNEYS FOR SENIOR SECURED LENDER

Stephen C. Schoettmer
THOMPSON & KNIGHT, L.L.P.
1700 Pacific Avenue #3300
Dallas, Texas 75201
ATTORNEYS FOR SCI MANAGEMENT CORPORATION



DOMINGO A. GARCIA

## CERTIFICATE OF CONFERENCE
## WITH WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

_____ A conference has been held on the merits of this Motion:

_____ I have been unsuccessful in my attempts to contact the attorney for Defendant.

_____ I have been unsuccessful in my attempts to discuss this matter with the Defendant's attorney and said attorney has not returned my phone calls.

_____ This matter has been discussed with opposing counsel and no agreement on the Motion could be reached.

√ Defendant's attorney, Edward L. Rothberg, has agreed and is unopposed to/Movant's request under this Motion.

DOMINGO A. GARCIA
NICOLAS A QUEZADA

## CERTIFICATE OF CONFERENCE
## WITH LOCKE, LIDDELL & SAPP, L.L.P.

_____ A conference has been held on the merits of this Motion:

__✓__ I have been unsuccessful in my attempts to contact the attorney for Defendant.

_____ I have been unsuccessful in my attempts to discuss this matter with the Defendant's attorney and said attorney has not returned my phone calls.

_____ This matter has been discussed with opposing counsel and no agreement on the Motion could be reached.

_____ Defendant's attorney has agreed and is unopposed to/Movant's request under this Motion.


*[signature]*
**DOMINGO A. GARCIA**
**NICOLAS A. QUEZADA**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE:<br>   SENTRY OPERATING<br>   COMPANY OF TEXAS, INC. | § § § § | JOINTLY ADMINISTERED UNDER<br>CASE NO. 01-60129-V2-11<br>Chapter 11 |
| SENTRY OPERATING CO., | § | CASE NO. 01-60130-V2-11 |
| AMEY FUNERAL HOME, INC., | § | CASE NO. 01-60131-V2-11 |
| SENTRY OPERATING WEST, INC., | § | CASE NO. 01-60132-V2-11 |
| SENTRY GROUP SERVICES, INC., | § | CASE NO. 01-60133-V2-11 |
| FUNERAL SERVICE MANAGEMENT, INC., | § § | CASE NO. 01-60134-V2-11 |
| SENTRY OPERATING COMPANY OF NEW MEXICO, INC., | § § | CASE NO. 01-60135-V2-11 |
| SENTRY SERVICES AGENCY, INC. NEW MEXICO, | § § | CASE NO. 01-60136-V2-11 |
| CREMATION SOCIETY OF OKLAHOMA, INC., | § § | CASE NO. 01-60137-V2-11 |
| SENTRY OPERATING COMPANY OF COLORADO, INC., | § § | CASE NO. 01-60138-V2-11 |
| SENTRY SERVICES AGENCY, INC.-DEL | § | CASE NO. 01-60139-V2-11 |
| SENTRY OPERATING COMPANY OF KANSAS, INC. | § § § | CASE NO. 01-60140-V2-11 |

## NOTICE OF HEARING ON RELIEF FROM STAY

On _____, a motion was filed, seeking relief from the automatic stay of 11 U.S.C. §362. The court has set the preliminary hearing on the motion for:

Date: _____
Time: _____
Courtroom: _____ on Floor: _____
Address: _____

_____
PRESIDING JUDGE

Notice of Hearing/Estate of Ramon Salazar          Page -1-